IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS DUCHAM, )
)
            Plaintiff, )
)
v. ) No. 05 C 3249
)
REEBIE ALLIED MOVING AND )
STORAGE, INC., )
)
            Defendant. )

MEMORANDUM OPINION AND ORDER

Reebie Storage & Moving Company, Inc. ("Reebie," named in the Complaint as "Reebie Allied Moving and Storage, Inc.") has filed a timely Notice of Removal ("Notice"),[1] seeking to bring this action from the Circuit Court of Cook County to this District Court. Reebie has simultaneously tendered a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss the Complaint brought against it by Dennis Ducham ("Ducham"), noticing up that motion for proposed presentment on June 13. Because the removal was improvident, and because a federal court's initial obligation is to determine the existence or nonexistence of federal jurisdiction (Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998)), this Court sua sponte remands the action to its place of origin for lack of such jurisdiction.

Ducham's Complaint can be searched in vain for the statement

---

[1] Reebie's counsel inexplicably labels the Notice as "Defendant's Petition for Removal," even though nearly 17 years have elapsed since the 1988 amendments to the removal statutes that in part changed that now-outmoded "petition" usage.

of any claim that he has framed in federal terms. Instead the three-count Complaint sounds alternatively in breach of contract and intentional misrepresentation, coupled with a claim under the Illinois Consumer Fraud Act, with all of those claims stemming from Ducham's assertedly having been hornswoggled by Reebie after he had hired it for the removal of his household goods from Park Ridge, Illinois to Livermore, California.

In brief, Reebie had provided Ducham with a firm price quote with a "guaranteed price pledge" not to be changed unless there were "unknown additional services," and the parties reached an agreement on that basis. But once Reebie took possession of the household goods (thus eliminating the availability of any alternatives or any bargaining power on Ducham's part) it escalated the price from the stipulated $16,635.45 figure to $21,652.77, then to $24,942.45 and ultimately to $25,564.67.

That course of conduct (which must be accepted as accurate for purposes of removal and under Rule 12(b)(6)) certainly smacks of duress and fraud--even approaching highway robbery.[2] And it would seem on the face of things to call into play Justice Holmes' famous aphorism of more than nine decades ago in <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913):

> Of course, the party who brings a suit is master to
> decide what law he will rely upon, and therefore does
> determine whether he will bring a "suit arising under"
> the patent or other law of the United States by his

---

[2] Bad pun intended.

2

> declaration or bill. That question cannot depend upon the answer, and accordingly jurisdiction cannot be conferred by the defense, even when anticipated and replied to in the bill.

That doctrine remains alive and well and living in Washington--see, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 n.7 (1987), citing The Fair and other cases for the identical proposition that "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law" (id. at 392).

Not so, says Reebie. Instead it urges that all of Ducham's claims are instinct with federal questions under the Carmack Amendment (Notice ¶6).[3] Indeed, Reebie's Rule 12(b)(6) motion goes even farther by asserting that all state law claims are preempted by what was originally the Carmack Amendment and has now been distributed among several sections of Title 49 by the I.C.C. Termination Act of 1995.[4]

There is however a fundamental flaw in Reebie's position, one that cannot be papered over by the virtual blizzard of cases

---

[3] Under the recodification of that statute, the several aspects of its coverage were severed by amendatory legislation a decade ago. For example, statutory provisions as to household goods agents for motor carriers transporting household goods (this is how Reebie describes itself, with the motor carrier being Allied Van Lines, Inc.) are now found at 49 U.S.C. §13907.

[4] Because so much of the caselaw in this area, including the bulk of the cases on which Reebie seeks to rely, predate the 1995 recodification, this opinion employs the old Carmack Amendment locution irrespective of whether cases antedate or postdate the recodification.

3

cited in the memorandum of law that it offers to support its Rule 12(b)(6) motion to dismiss. Although Reebie may well seek to meet some of Ducham's claims by a preemption *defense*, that alone cannot serve as the predicate for removal--as Caterpillar, 42 U.S. at 393 (citing Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 12 (1983)) puts it succinctly:

> Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

There is a narrow exception to that fundamental principle--the "complete pre-emption" doctrine. As Caterpillar, id. (footnote omitted) describes that exception:

> On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Metropolitan Life Insurance Co. [v. Taylor, 481 U.S. 58, 65 (1987)]. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. See Franchise Tax Board, supra, at 24 ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

As Reebie would have it, the provisions of the Carmack Amendment fit that exception. But the host of cases that it cites in attempted support of its position deal with the subjects

4

of loss of or injury to the property or delays in delivery, subjects as to which a plaintiff's recharacterization of his or her claims as breach of contract or even fraud in the inducement--perhaps even triggering a punitive damage claim--would not be permitted to supplant the Carmack Amendment's coverage. By contrast, if a household goods agent such as Reebie were to hold up its consumer customer at gunpoint to exact an added $9,000, nothing in the cases that Reebie cites (or, for that matter, in common sense) would place the customer's claim under the rubric of the Carmack Amendment. And the principle is no different where the robbery at gunpoint is figurative rather than literal--where the added $9,000 has been extracted from Ducham "only under duress" (Complaint ¶23).

That precise distinction has been recognized and applied by our Court of Appeals in Gordon v. United Van Lines, Inc., 130 F.3d 282, 288-89 (7th Cir. 1997). Gordon's discussion should be read in its entirety for a full appreciation of the distinction, but this excerpt suffices to illustrate it:

> Like this court in [N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc., 89 F.3d 452 (7th Cir. 1996)], however, the First Circuit specifically noted that not all state claims would be preempted. It held that "liability arising from separate harms--apart from the loss or damage of goods--is not preempted. For example, if an employee of the carrier assaulted and injured the shipper, state law remedies would not be preempted. Similarly, a claim for intentional infliction of emotional distress alleges a harm to the shipper that is independent from the loss or damage to goods and, as such, would not be preempted." Rini [v. United Van Lines, Inc.], 104 F.3d [502], 506 [(1st Cir. 1997)].

Taking Hughes, Pinkerton, and Rini together, we too conclude that the Carmack Amendment does not preempt those state law claims that allege liability on a ground that is separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce.

Just as both the First Circuit's Rini case and our Court of Appeals' Gordon decision have held that state law claims of intentional infliction of emotional distress were not preempted by the Carmack Amendment, so too Ducham's claim of fraud--not at all in connection with the loss of or damage to his goods, but rather in the extortion of a large added payment under duress--are not. Most importantly, that lack of preemption places Reebie's other preemption claims into the category of federal defenses, rather than in the "complete preemption" category. And under Caterpillar and like cases, that is fatal to Reebie's attempted removal here.

In sum, it is really an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447(c)), so that the same subsection mandates that "the case shall be remanded." As authorized by this District Court's LR 81.2(b), the Clerk is directed to mail the certified copy of the remand order forthwith.

                                               _____
                                               Milton I. Shadur
                                               Senior United States District Judge

Date: June 3, 2005